IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT J. PICKLE,                        :
                                         :
                    Petitioner,          :
                                         :
        v.                               :        Civil Action No. 22-1041-RGA
                                         :
ROBERT MAY, Warden, and                  :
ATTORNEY GENERAL OF THE                  :
STATE OF DELAWARE,                       :
                                         :
                    Respondents.         :
_____

**MEMORANDUM**

## I.      BACKGROUND

On April 2, 2014, Petitioner pled guilty in the Delaware Superior Court to five counts of

third degree rape.  He was immediately sentenced to 125 years in prison, suspended after twenty-

five years for decreasing levels of supervision.  *See Pickle v. May*, 2021 WL 3726012, at *1 (D.

Del. Aug. 23, 2021).  Petitioner did not appeal his convictions or sentence.  *See id.*

On December 17, 2014, Petitioner filed in the Delaware Superior Court a motion for

postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").

*See Pickle*, 2021 WL 3726012, at *1.  After holding an evidentiary hearing, the Superior Court

denied the Rule 61 motion on December 4, 2017.  *See id.*  Petitioner filed a notice of appeal, but

the Delaware Supreme Court dismissed the appeal as untimely filed on January 24, 2018.  *See id.*

In July 2018, Petitioner filed in this Court a habeas Petition challenging his 2014

convictions, asserting the following grounds for relief: (1) the police violated Petitioner's

constitutional rights by stacking the charges against him, failing to charge the victim with sexual

1

extortion and rape, and failing to look at evidence (an iPhone and an iPad) that would have shown that the victim was the aggressor; (2) the State violated Petitioner's constitutional rights by stereotyping Petitioner because of his age and sexual orientation, failing to timely indict Petitioner, and failing to look into Petitioner's or the victim's mental health issues; (3) defense counsel provided ineffective assistance by discriminating against Petitioner because of his age and also by failing to: (a) meet with Petitioner in time to prepare his case; (b) investigate and take Petitioner's defense seriously; and (c) look into Petitioner's mental health issues; and (4) the Superior Court violated Petitioner's constitutional rights by misplacing documents, failing to acknowledge and consider Petitioner's defense, failing to address Petitioner's mental health issues, and failing to adequately establish the voluntariness of Petitioner's guilty plea.  (*See* D.I. 7 in *Pickle v. May*, Civ. A. No. 18-680-RGA)  The Court denied the petition after determining that all four grounds were procedurally barred from habeas review.  (*See* D.I. 7 at 10-14 in *Pickle v. May*, Civ. A. No. 16-680-RGA)

In August 2022, Petitioner filed in this Court the instant Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 2014 convictions.  (D.I. 3)  The Petition asserts the following two grounds for relief: (1) defense counsel provided ineffective assistance by failing to adequately investigate whether Petitioner's Asperger Syndrome "left [him] with insufficient willpower to choose whether to do the act or refrain from doing it although [he was] physically capable of refraining from the doing the act" (*id.* at 3); and (2) defense counsel provided ineffective assistance by failing to investigate whether Petitioner's statement to the police was involuntary because it was the "result of coercive government

misconduct" (*id*. at 6).   Petitioner has also filed a Motion to Appoint Counsel (D.I. 5) and a

Motion for Forensic Psychological Evaluations (D.I. 6).

## II.    LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the

appropriate court of appeals before filing a second or successive habeas petition in a district

court.   *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. §2254.

Notably, a  petition for habeas relief is not considered to be "second or successive simply

because it follows an earlier federal petition."   *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir.

2005).  Rather, a habeas petition is classified as second or successive within the meaning of  28

U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions

challenge the same conviction, and the new petition asserts a claim that was, or could have been,

raised in a prior habeas petition.   *See Benchoff,* 404 F.3d at 817; *In re Olabode*, 325 F.3d 166,

169-73 (3d Cir. 2003).  If a habeas petitioner erroneously files a second or successive habeas

petition "in a district court without the permission of a court of appeals, the district court's only

option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §

1631."  *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III.   DISCUSSION

The dismissal of Petitioner's first petition as procedurally barred from habeas review

constitutes an adjudication on the merits for second or successive habeas purposes.   *See Jackson*

*v. Johnson*, 2015 WL 5005795, at *1 (D. Del. Aug. 21, 2015).  The instant Petition challenges

the same 2014 convictions that were challenged in his first petition, and the instant Petition also

asserts claims that were or could have been asserted in his first petition. *See Benchoff*, 404 F.3d

at 817-18.  As a result, the Court concludes that the instant Petition constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas Petition.  Consequently, the Court concludes that it lacks jurisdiction to consider the Petition.  *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139.  The Court further concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).  Accordingly, the Court will dismiss the Petition for lack of jurisdiction, and will dismiss as moot the pending Motion to Appoint Counsel and Motion for Forensic Psychological Evaluations.[1]

## IV.    CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction and the pending Motions as moot.  The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).  A separate Order will be entered.


September 23, 2022                          /s/ Richard G. Andrews
                                           UNITED STATES DISTRICT JUDGE

---

[1]Although also rendered moot by the Court's dismissal of the instant Petition, the Court advises Petitioner to disregard the Order dated September 21, 2022 imposing a partial filing fee.  (*See* D.I. 7)